UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CREEKRIDGE CAPITAL, LLC, a** <br> **Minnesota Limited Liability Company,** <br> **a/k/a and d/b/a SMITH & NEPHEW** <br> **FINANCE** <br><br> **VERSUS** <br><br> **LOUISIANA HOSPITAL CENTER, LLC,** <br> **ET AL** | **CIVIL ACTION** <br><br> **No. 09-5861** <br><br> **SECTION I/1** |

## ORDER AND REASONS

Plaintiff, Creekridge Capital, LLC ("Creekridge"), has filed a motion[1] for reconsideration of the Court's denial[2] of plaintiff's partial motion for summary judgment. Defendants oppose the motion. For the following reasons, the motion for reconsideration is **DENIED**.

## LAW & ANALYSIS

**A. Standard of Law**

A Rule 59(e) motion to alter or amend judgment "calls into question the correctness of a judgment." Tex. Comptroller of Pub. Accounts v. Transtexas Gas Corp. (In re Transtexas Gas Corp.), 303 F.3d 571, 581 (5th Cir. 2002).[3] It is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment, Simon v. United States, 891 F.2d 1154, 1159 (5th Cir. 1990), but instead "serve[s] the narrow

---

[1] R. Doc. No. 159.

[2] R. Doc. No. 150.

[3] If the motion is filed within twenty-eight days of the judgment about which the party complains, it is considered a Rule 59(e) motion; otherwise, it is treated as a Rule 60(b) motion. Shepherd v. Int'l Paper Co., 372 F.3d 326, 327 n.1 (5th Cir. 2004). Because plaintiff filed its motion less than twenty-eight days after the Court issued its order, the motion is considered as a Rule 59(e) motion.

purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." Waltman v. Int'l Paper Co., 875 F.2d 468, 473 (5th Cir. 1989). Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly. Clancy v. Employers Health Ins. Co., 101 F.Supp.2d 463, 465 (E.D. La. 2000).

A district court has considerable discretion to grant or to deny a motion to alter or amend the judgment under Rule 59(e). See Edward H. Bohlin Co. v. Banning Co., 6 F.3d 350, 355 (5th Cir. 1993).  The court must strike the proper balance between the need for finality and the need to render just decisions on the basis of all the facts. See id.  "A moving party must satisfy at least one of the following four criteria to prevail on a Rule 59(e) motion: (1) the movant demonstrates the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; (2) the movant presents new evidence; (3) the motion is necessary in order to prevent manifest injustice; and, (4) the motion is justified by an intervening change in the controlling law." Jupiter v. BellSouth Telecommunications, Inc., 1999 WL 796218 (E.D. La, Oct. 5, 1999) (Vance, J.).

**B. Analysis**

In its order and reasons, the Court observed that "[n]o party disputes the validity of the lease agreement or agreements.  Additionally, no party disputes that such agreements are in default.  The only dispute, therefore, concerns the amount owed under the agreements."[4]  The Court concluded that due to unexplained portions of plaintiff's calculations, a genuine issue of material fact remained with respect to the amount owed under the lease agreement.

Creekridge now asserts that reconsideration is necessary to prevent manifest injustice and it submits a supplemental affidavit of Scott R. Loeffel in support of its motion.[5]  The Court need

---

[4]R. Doc. No. 150, p.3.
[5]R. Doc. No. 184.

2

not address whether this evidence is newly discovered or a rehash of evidence that could have been offered or raised before the entry of judgment because the evidence still fails to resolve the genuine issue of material fact with respect to the amount owed.

For example, Mr. Loeffel states in his affidavit that "[u]pon Creekridge's declaration of default in April, 2008, the 60-month term of the Lease Agreement commenced and the User became obligated to pay Monthly Charges." According to "SCHEDULE NO. 1," the term of 60 months begins on the "Commencement Date." The Lease Agreement defines the Commencement Date as:

> The Commencement Date for any Schedule is the first of the month following Installation of all the Equipment or the date User places the initial disposable order, whichever occurs first, on any Schedule, unless the latest Installation Date for any Equipment or the initial disposable order date on the Schedule falls on the first day of the month, in which case that is the Commencement Date.[6]

It is not disputed that the equipment was accepted on or about August 18, 2006.[7] Creekridge fails to explain why the Commencement Date is the date of Creekridge's declaration of default and not the Commencement Date as defined by the Lease Agreement.

Since a genuine issue of material fact remains with respect to the calculation of the amount owed, the Court finds that manifest injustice will not result from its previous denial of Creekridge's motion for partial summary judgment. For the foregoing reasons,

**IT IS ORDERED** that the motion for reconsideration[8] is **DENIED**.

**IT IS FURTHER ORDERED** that Creekridge's motion[9] to continue the hearing on its motion for reconsideration is **DISMISSED AS MOOT**.

---

[6] R. Doc. No. 184-3.
[7] R. Doc. No. 184-2, ¶12; R. Doc. No. 187, p.3.
[8] R. Doc. No. 159.
[9] R. Doc. No. 167.

3

**IT IS FURTHER ORDERED** that defendants' motions[10] for leave to file oppositions are **GRANTED**.

**IT IS FURTHER ORDERED** that Creekridge's motion[11] for hearing on its motion for reconsideration is **DENIED**.

New Orleans, Louisiana, December 29, 2010.

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[10] R. Doc. Nos. 169, 170.
[11] R. Doc. No. 172.