UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**CREEKRIDGE CAPITAL, LLC**     **CIVIL ACTION**

**VERSUS**     **No. 09-5861**

**LOUISIANA HOSPITAL CENTER, LLC,**     **SECTION I**
**ET AL.**

### ORDER AND REASONS

Before the Court is a motion[1] to set aside entry of default filed by defendant and cross-claim defendant, Cardiovascular Hospitals of America, LLC ("CHA"). Defendants and cross-claim plaintiffs, Michael Pittman, Gregory L. Groglio, Louis Provenza, Augustin J. Suarez, and Jack E. Saux, oppose[2] the motion. For the following reasons, CHA's motion is **DENIED**.

### *BACKGROUND*

This litigation has been ongoing since plaintiff, Creekridge Capital, LLC, filed its initial action in a Minnesota state court in May 2008.[3] Subsequently, cross-claim plaintiffs filed a complaint against CHA.[4] CHA, represented by counsel at the time, answered the complaints filed by plaintiff and cross-claim plaintiffs. On June 18, 2010, the Court issued an order permitting counsel for CHA to withdraw.[5] On July 30, 2010, David Phillips, a representative of CHA, notified the Court that CHA "will not be represented by counsel in this case."[6] Following

---

[1] R. Doc. No. 257.
[2] R. Doc. No. 260.
[3] R. Doc. No. 1.
[4] R. Doc. No. 126.
[5] R. Doc. No. 142.
[6] R. Doc. No. 166.

1

withdrawal of all counsel representing CHA, CHA ceased to actively participate in this litigation. CHA did not file witness and exhibit lists, did not participate in the Court-ordered settlement conference, did not exchange exhibits, and did not confer or participate in the submission of the joint pre-trail order filed on March 1, 2011.[7]

On March 3, 2011, the Court was notified that the parties had reached a settlement and the Court dismissed the case. The Court specifically added that, "the parties may still file a motion for default judgment against defendant Cardiovascular Hospitals of America, LLC no later than March 31, 2011."[8] Even with this notice, CHA did not enroll new counsel to represent it. It was only after an entry of default was entered on May 23, 2011 against CHA that CHA enrolled new counsel.

## *LAW & ANALYSIS*

Rule 55(c) of the Federal Rules of Civil Procedure provides that, "[t]he court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." Fed.R.Civ.P. 55(c). When determining whether good cause has been demonstrated, the Court should consider, (1) whether the default was willful, (2) whether setting the default aside would prejudice the adversary, and (3) whether a meritorious defense is presented. *Dierschke v. O'Cheskey*, 975 F.2d 181, 183 (5th Cir. 1992). However, consideration and disposition of all three factors are not required; the test is disjunctive. *Id.* at 184. Indeed, courts have been careful not to treat the three factors as though they were exclusive, relying on such other factors as whether: (1) the public interest was implicated; (2) there was a significant financial loss to the defendant; and (3) the defendant acted expeditiously to correct the default. *Id.* Whatever factors

---

[7] R. Doc. No. 231.
[8] R. Doc. No. 230 (emphasis omitted).

are used by courts to determine the propriety of setting aside a default, the imperative is that the factors be used to identify whether "good cause" is present. *Id.*

The Court finds that good cause to set aside the default is not present in this case. CHA has provided the Court with no explanation as to why it ceased to participate in the litigation of this matter over a year ago. Instead, CHA lay dormant while the other parties in the case came to a resolution amenable to all parties still participating. Presumably, the agreed-upon resolution included the understanding that the parties would secure default judgments against the absent CHA.[9] Now, at the eleventh hour, CHA seeks to raise legal arguments that should have been litigated in due course during the pendency of the case. The Court concludes that setting aside the default and re-opening the case to permit CHA to conduct the litigation it should have conducted months ago would prejudice the cross-claim plaintiffs who have already agreed to permit judgments to be entered against them in favor of plaintiff.

For the foregoing reasons,

**IT IS ORDERED** that CHA's motion to set aside the entry of default is **DENIED.**

New Orleans, Louisiana, June 27, 2011.

_____
LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE

---

[9] *See id.*